*Wallace v. City of New York*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of April, two thousand twenty-one.

Present:
> DEBRA ANN LIVINGSTON,
> *Chief Judge*,
> RICHARD C. WESLEY,
> SUSAN L. CARNEY,
> *Circuit Judges*.

_____

JESSICA WALLACE,

> *Plaintiff-Appellant*,

v.                                                                          20-2685

THE CITY OF NEW YORK, NEW YORK CITY EMPLOYEES' RETIREMENT SYSTEM,[*]

> *Defendants-Appellees*.

_____

For Plaintiff-Appellant:                E. DUBOIS RAYNOR, JR., Civil Rights Consortium, Inc., Legal Division, New Rochelle, NY

_____

[*] The Clerk of Court is directed to modify the caption so that the Defendant-Appellee is correctly identified as "New York City Employees' Retirement System" and not "New York City Employee Retirement System."

1

For Defendants-Appellees: KEVIN OSOWSKI (Richard Dearing, Melanie T. West, *on the brief*) *for* James E. Johnson, Corporation Counsel of the City of New York, New York, NY

Appeal from a judgment of the United States District Court for the Eastern District of New York (Cogan, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Jessica Wallace appeals from a July 13, 2020 judgment of the district court granting Defendants' motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and dismissing her amended complaint in its entirety. On appeal, Wallace asserts that the district court erred by dismissing her procedural due process claim under 42 U.S.C. § 1983 and also by dismissing her complaint without addressing her claims of discrimination under the City and State's Human Rights Laws. We review the court's grant of a motion to dismiss *de novo*, *Hu v. City of New York*, 927 F.3d 81, 88 (2d Cir. 2019), and assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

\*     \*     \*

Wallace was employed by the City of New York as a School Safety Officer with the Board of Education for thirty-one years. During the first ten years of her employment with the City, Wallace did not make contributions to the City's public retirement system, but she did so for the last twenty-one years of her employment. Wallace contacted the New York City Employees' Retirement System ("NYCERS") on December 29, 2017, before she retired, to see if she could "buy back" credit for the years of employment when she did not contribute to the retirement system. Wallace alleges that she was told, by an unidentified individual employed by the City, that "she would be allowed to buy back the ten years['] time after NYCERS had completed its

2

investigation into her service years for purposes of processing her benefits." App'x 12. Wallace interpreted this to mean that she could buy back the ten years' service time only by submitting her retirement application.[1] However, after she submitted her retirement application on March 6, 2018, to NYCERS, "she was informed that it was too late to buy-back the 10-years' service time." *Id.* at 13. Wallace then filed this complaint against the City of New York and NYCERS, alleging several discrimination claims under federal, state, and local law, and a procedural due process claim under 42 U.S.C. § 1983, alleging that she was "duped into filing for benefits on the basis that she could both retire and purchase the 10-years' service time, simultaneously." *Id.* The district court dismissed the complaint in full.

Wallace first challenges the dismissal of her procedural due process claim. The district court dismissed Wallace's due process claim under § 1983, because "[e]ven assuming an officer of NYCERS intentionally deprived [Wallace] of her property, the availability of meaningful state post-deprivation remedies renders any constitutional due process claim premature." *Id.* at 23. Further, the district court found that Wallace "fail[ed] to plead that the alleged violation of due process resulted from any official municipal policy or custom as required in a § 1983 claim under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)." *Id.* at 24 (internal quotation marks omitted).

On appeal, Wallace has clarified that her procedural due process claim is premised on the theory that NYCERS acted pursuant to official policy. See Appellant Br. 16 ("NYCERS'

---

[1] We note that NYCERS' buy-back brochure—which this Court may examine as a "document[] incorporated [in the complaint] by reference," *Rothman v. Gregor*, 220 F.3d 81, 88 (2d Cir. 2000)—states that "upon receipt of your [buy back] application NYCERS will contact your New York City/State employer(s) to verify your earnings and service history." App'x 33. Thus, NYCERS' instruction to Wallace that it would "investigat[e] . . . her service years for purposes of processing her benefits" appears to reference NYCERS' standard protocol for processing buy-back benefits rather than a requirement that Wallace had to submit her retirement application in order to participate in the buy-back program.

decision . . . was pursuant to official policy"); *id.* at 8 ("Where there was time to provide a hearing *prior to* acting on a protectable interest, and no such hearing is provided, the availability of Article 78 relief is irrelevant, where the act was pursuant to official policy."). But Wallace's complaint fails to allege a due process violation resulting from the existence of any such policy or custom. In fact, Wallace's complaint acknowledges that NYCERS' established policy, as described in its buy-back brochure, is that "[g]enerally, members must be in active payroll status to be eligible to apply for buy-back." App'x 12. Moreover, NYCERS' buy-back brochure states, in bold font: "**Your buy-back application must be filed before your retirement date or before you leave City Service**." *Id.* at 33 (emphasis in original). Based on the allegations in the complaint, any instruction that Wallace might have received to process her retirement application before applying for buy-back would thus be contrary to NYCERS' established policy, not consistent with it. And absent any allegation of a custom or policy resulting in a procedural due process violation, let alone absent "allegations of fact tending to support, at least circumstantially . . . an inference" of an official custom or policy, Wallace's § 1983 due process claim was properly dismissed. *Montero v. City of Yonkers*, 890 F.3d 386, 404 (2d Cir. 2018) (quoting *Dwares v. City of New York*, 985 F.2d 94, 100 (2d Cir. 1993)).

Wallace further asserts that the district court failed to examine her claims of discriminatory treatment under the State's and City's Human Rights Laws and identifies error in the failure. However, the district court *did* consider Wallace's state and local claims and dismissed them based on its determination that her "conclusory allegations [were] inadequate to state a claim for discrimination." App'x 22. On independent review, we affirm for substantially the same reasons.

4

We have considered Wallace's remaining arguments and find them to be without merit.

Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court